IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ABNEY-REVARD, INC., an Oregon corporation

Plaintiff,

v.

ASSOCIATED MATERIALS
INCORPORATED, an Ohio corporation, dba
Alside Supply Center,

Defendants.

ASSOCIATED MATERIALS
INCORPORATED, an Ohio corporation, dba
Alside Supply Center,

Third-Party Plaintiff,

v.

PARR LUMBER COMPANY, an Oregon Corporation,
and DIEGO Z. LOPEZ CONSTRUCTION, an Oregon
sole proprietorship,

Third-Party Defendants.

CV. 05-528-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Magistrate Judge:

Plaintiff, Abney-Revard, Inc. (Abney-Revard) filed this action for breach of contract and negligent undertaking against Associated Materials, Inc. (Associated). Associated removed the case to federal court. Third-party plaintiff Associated cross-claimed against third-party defendants Parr Lumber Company (Parr) and Diego Z. Lopez Construction (Lopez) for indemnity and contribution. Lopez now moves for summary judgment on both claims on the grounds that (1) Lopez and Associated owe no common duty to Abney-Revard and therefore Associated cannot establish the common liability element of a contribution or an indemnity claim, and (2) Abney-Revard's and Associated's damages are economic loss rather than property damage, and therefore are not recoverable from Lopez because of the economic loss doctrine. For the following reasons, Lopez's motion for summary judgment (No. 53) should be denied.

FACTUAL BACKGROUND

Plaintiff Abney-Revard is a home builder and general contractor on the Autumn Hill housing project in Tigard, Oregon. Defendant Associated supplied Vyna-Klad striated aluminum coil stock for the homes in Autumn Hill. Third-party defendant Lopez installed the coil stock over pressure-treated lumber supplied by third-party defendant Parr. Lopez used the coil stock to wrap posts and beams on decks. Abney-Revard claims that the trim coil corroded due to contact with the pressure-treated lumber. (Complaint, ¶ 7). Consequently, Abney-Revard repaired and replaced the damaged coil stock at the request of their customers in Autumn Hill. Abney-Revard filed this lawsuit in Multnomah County Court in March 2005. After the case was removed to federal court, Associated filed a third-party complaint against Lopez and Parr in July

Page 2 - FINDINGS AND RECOMMENDATION

2006.

LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure allows the granting of summary

judgment:

> if the pleadings, depositions, answers to interrogatories, and
> admissions on file, together with the affidavits, if any, show that
> there is no genuine issue as to any material fact and that
> the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

When considering a motion for summary judgment, the district court's role is not to

weigh the evidence, but merely to determine whether there is a genuine issue for trial.  Anderson

v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th

Cir. 1997).

A party seeking summary judgment always bears the initial responsibility of informing

the district court of the basis for its motion, and identifying those portions of the record which it

believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett,

477 U.S. 317, 323 (1986).  The moving party must persuade the court through "pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . .

that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Only

after the moving party has made such a showing does the burden shift to the opposing party to

show that a genuine issue of fact remains.  See Fed. R. Civ. P. 56(e).

To establish the existence of a genuine issue of material fact, the non-moving party must

make an adequate showing as to each element of the claim on which the non-moving party will

bear the burden of proof at trial.  See Celotex Corp., 477 U.S. at 322-23; see also Taylor v. List,

Page 3 - FINDINGS AND RECOMMENDATION

880 F.2d 1040, 1045 (9th Cir. 1989); Harper, 877 F.2d at 731.  The opposing party may not rest

on conclusory allegations or mere assertions, see Taylor, 880 F.2d at 1045; Leer v. Murphy, 844

F.2d 628, 631 (9th Cir. 1988), but must come forward with significant probative evidence, see

Anderson, 477 U.S. at 249-50; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  The

evidence set forth by the non-moving party must be sufficient, taking the record as a whole, to

allow a rational jury to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., 475 U.S. 574, 587 (1986); Taylor, 880 F.2d at 1045.

ANALYSIS

Diego Lopez argues that summary judgment is appropriate on Assocaited's claims for

contribution and indemnity because (1) there is no common liability between Lopez and

Associated to Abney-Revard, and (2) if there is common liability, the only loss claimed by

Abney-Revard is economic loss, which is not recoverable in tort.

The parties have spent considerable energy addressing these claims.  In doing so, they

have confused several issues which preliminarily should be clarified.

First, it is clear from Associated's memoranda that they are making a claim for common

law contribution, and not for statutory contribution.

Second, a claim for contribution depends on the existence of a shared, common liability.

The basis of that liability for a common law contribution claim cannot be in tort, because there

was no right to contribution among joint tortfeasors in Oregon before statutory contribution was

established.  See Blackledge v. Harringon, 291 Or. 691, 694, 634 P.2d 243 (1981).

Third, the economic loss doctrine marks the boundary between contract law and tort law,

and cuts off tort claims for economic loss, which should properly be recoverable in contract.  See

Page 4 - FINDINGS AND RECOMMENDATION

Sidney R. Barrett, Jr., Recovery of Economic Loss in Tort for Construction Defects: A Critical Analysis, 40 SOUTH CAROLINA L. REV. 891, 894 (1989).  Because Associated claims common law contribution, which is not available to joint tortfeasors, the economic loss doctrine plays no role in the analysis of that claim.[1]

Fourth, Associated's claim for common law contribution can only succeed based on a recognized source of common liability, such as co-debtorship, common ownership of property, or common contractual obligations.  See Contribution, 18 Am.Jur.2d § 1 (2004).

A.    Contribution

1.    Common Obligation

Contribution is "the right of a person who has *discharged a common liability* or burden to recover from another, who is also liable, the portion he or she ought to pay or bear." Guild v. Baune, 200 Or.App. 397, 115 P.3d 249 (2005), quoting Contribution, 18 Am.Jur.2d § 1 (2004). The right of contribution stems from the creation of a relationship giving rise to a common obligation.  Id., FN 6.

Common law contribution typically arises when two parties have a shared obligation that arises from a single instrument and binds both parties.  This might be a property sale, promissory note, or contract for services.  A common obligation giving rise to a claim for contribution can also arise through separate instruments.  In Durbin v. Kuney & Sayers, the parties purchased a harvester from a third party. 19 Or. 71, 23 P. 661 (1890).  Durbin executed one promissory note

---

[1]Even if the economic loss doctrine applied, Lopez's argument that damage to the coil stock is not property damage is unconvincing.  See, Harris v. Suniga, 209 Or. App. 410, 149 P.3d 224 (2006); Bunnell v. Dalton Const., Inc., 210 Or. App. 138, — P.3d — 2006 WL 3501313 (Or. App.)(2006).  Furthermore, moving party Lopez has failed to establish that there is no question of material fact as to the nature and extent of damage at Autumn Hill.

for half the payment, and Kuney & Sayers executed the other note for half the payment. Durbin ended up paying both notes and sought contribution from Kuney & Sayers. Although the parties executed separate instruments, they obligated themselves to the same individual for similar duties. Id. at 74.

In the present case, Associated entered into a contract with Abney-Revard to supply coil stock, while Lopez entered into a contract to install the coil stock. Both contracts contain nearly identical indemnification provisions. The relevant provision of Lopez's contract is Section 7.8.1, which states that "subcontractor agrees to indemnify and hold harmless Contractor. . .from all liability, active or passive, loss, damage, claims. . .arising out of, the performance of the Contract or the work hereunder, or the materials used in such work or performance of the Contract." (Becker Decl., Ex. 1, p. 6, Sec. 7.8.1).

The contract between Associated and Abney-Revard contains similar indemnification language (although Associated disputes the validity of this contract). The relevant provision in this contract is Section 7.4.1 which states that "[s]upplier agrees to indemnify and hold harmless Contractor. . .from all liability, active or passive, loss damage, claims. . .however the same may have been caused and in any way connected with, or directly or indirectly arising out of, the performance of this Contract or the materials hereunder." (Concise Statement Response, Ex. C, p. 1, Sec. 7.4.1).

Lopez and Associate each owed contractual duties to Abney-Revard to indemnify them for loss associated with the coil stock. This is sufficient to establish the existence of a common obligation.

> 2.    *Discharge of a Common Obligation*

Page 6 - FINDINGS AND RECOMMENDATION

A claim for statutory contribution requires actual discharge of the common obligation before it may proceed. OR. REV. STAT. § 31.810(4) (2005) ("If there is no judgment for the injury or wrongful death against the tortfeasor seeking contribution, the right of contribution of that tortfeasor is barred unless the tortfeasor has either: (a) Discharged by payment the common liability. . .or (b) Agreed while action is pending against the tortfeasor to discharge the common liability."). The parties have not cited any case which impose this requirement on claims for common law contribution. Absent either an express condition of the legislature requiring actual discharge, or case law directly imposing this requirement, actual discharge of a common obligation is not required to sustain a claim for contribution.

As the court has stated with regard to indemnification,"[t]o require a defendant who raises an indemnity cross-claim to plead and prove actual discharge of a judgment before the judgment is entered against the defendant raising it would contravene the purpose and destroy the usefulness of the cross-claim rule." Kahn v. Weddin, 60 Or.App. 365, 371, 653 P.2d 1268 (1982). Similarly, requiring a party who raises a contribution cross claim to plead and prove actual discharge of a judgment would contravene and destroy the usefulness of the cross-claim rule. Id.

Diego Lopez's motion for summary judgment on Associated's claim for contribution should be denied. The separate contracts between Abney-Revard and Associated and Abney-Revard and Lopez are sufficient to establish the existence of a common obligation between Associated and Lopez, and actual discharge of that obligation is not required to plead and prove a cross-claim for contribution.

B.    Indemnity

Lopez argues that summary judgment is appropriate as to the indemnify claim because there is no common liability between Lopez and Associated to Abney Revard.  "In an action for common-law indemnity the claimant must allege and prove that (1) he or she has discharged a legal obligation owed to a third party; (2) the defendant was also liable to the third party; and (3) as between the claimant and the defendant, the obligation should be discharged by the latter." Safeco Ins. Co. of America v. Russell, 170 Or.App. 636, 639, 13 P.3d 519 (2000), citing Fulton Ins. v. White Motor Corp., 261 Or. 206, 493 P.2d 138 (1972).

The parties have raised two questions: (1) must the legal obligation have actually been discharged before a claim for indemnity arises? and, (2) must Lopez owe the same legal obligation to Abney Revard that Associated owes, or is it enough that Lopez and Associate both owe separate, similar duties to Abney Revard that arise out of the same operative facts?

      *1.    Actual Discharge*

Actual discharge is not required in a claim for indemnification.  "To require a defendant who raises an indemnity cross-claim to plead and prove actual discharge of a judgment before the judgment is entered against the defendant raising it would contravene the purpose and destroy the usefulness of the cross-claim rule." Kahn, 60 Or.App. at 371.

      *2.    Common Liability*

A claim for indemnity depends on common liability to a third-party.  Lopez argues that summary judgment is appropriate because Associated cannot establish common liability, citing Safeco Ins. Co. of America v. Russell.  170 Or.App. 636, 13 P.3d 519 (2000).

In Safeco, Waltermire was insured by Safeco and was in a car accident with Russell who was uninsured. Safeco refused to pay Waltermine's damages claimed under the uninsured

motorist provision of his policy.  Waltermire sued Safeco and won.  Five years later, Safeco sued

Russell for indemnification (Safeco missed the statute of limitations to sue Russell under their

right of subrogation).  The trial court granted Russell's motion to dismiss because Safeco and

Russell did not owe a common duty to Waltermire. The Oregon Court of Appeals upheld the trial

courts ruling based on the Oregon Supreme Court's adoption of the Restatement of the Law of

Restitution § 76 in an earlier case.  The court stated "it is not enough that the parties are each

liable to the plaintiff's insureds. In order to trigger a right of indemnity, their liability must also

depend on a common duty. The test stated in *Fulton* must be understood accordingly."  <u>Safeco</u>,

170 Or.App. at 640.  Safeco tried to argue that common duty should not be required.  The court

rejected that argument:

> "[p]laintiff points out that *Fulton* and other cases in which indemnity was upheld
> have not specifically referred to the common duty requirement.  As plaintiff sees
> it, common-law indemnity is a flexible remedy that should be adapted–regardless
> of the source of duty–to any circumstances in which two parties are liable to a
> third party and one, in fairness, should ultimately bear the loss.  We have found
> no Oregon case in which the rule advocated by plaintiff has been adopted."

<u>Id.</u> at 641.

The key to the court's holding was the difference between Safeco and Russell's duties

owed to Waltermire.  Safeco owed a contractual duty to provide coverage to Watlermire and

Russell owed a tort duty of reasonable care. The court held that "the differences in the nature of

the duties that the parties owed to plaintiff's insureds prevent us from concluding that, as

between them, defendant should bear the ultimate loss at issue in this case." <u>Id.</u> at 643.

The question in this case becomes what duties does Abney-Revard claim that Associated

breached, and did Lopez also owe any of these duties to Abney-Revard?

a.    Tort duties

Page 9 - FINDINGS AND RECOMMENDATION

Abney-Revard claims that Associated breached a tort duty by negligently advising and assisting with selection of coil stock and in failing to advise plaintiff how to install the coil stock. (Complaint, ¶ 12).  Although Lopez owed a general duty of care and a duty of workmanlike conduct to Abney-Revard, it did not owe a duty of care in the selection or the coil stock or in advising how to install the coil stock.  Lopez and Associated did not owe common tort duties to Abney-Revard which could support a claim for indemnity.

> b.      Contract duties

Abney-Revard claims that Associated breached its contractual duties by (1) "selecting and furnishing goods which were not suitable for their intended purpose" and (2) "by failing and refusing to indemnify Plaintiff against the claims asserted by Plaintiff's customers resulting from the failure of the coil stock to perform in its intended use and application." (Complaint, ¶ 7).

Lopez did not owe Abney-Revard a contractual duty to "select and furnish" suitable coil stock, so there is no common duty on the first contract claim.

On the other hand, Lopez did owe a contractual duty to indemnify Abney-Revard.  As discussed above, Lopez and Associated each owed similar contractual duties to indemnify Abney-Revard.  Safeco does not explicitly say how similar is similar enough for two duties to be considered a common duty.  In Safeco, the court held that a tort duty and a contract duty were too dissimilar to find a common obligation which could give rise to indemnity.  In contrast, Associated Materials and Diego Lopez each owe contractual duties to indemnify Abney-Revard, both contracts use similar indemnification language, and those similar duties arise out of the same operative facts.  These common contractual obligations owed to Abney-Revard are sufficient to survive Lopez's motion for summary judgment.  Lopez's motion for summary

judgment on Associated's indemnity claim should be denied.

CONCLUSION

For the reasons set forth above, Diego Lopez's Motion for Summary Judgment (No. 53) should be DENIED.

SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due February 22, 2007.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.  If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this 8th day of February, 2007.


_____/s/ Paul Papak_____
Honorable Paul Papak
United States Magistrate Judge