IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ABNEY-REVARD, INC.,

        Plaintiff,

    v.

ASSOCIATED MATERIALS
INCORPORATED, dba Alside Supply Center,

        Defendant.

ASSOCIATED MATERIALS
INCORPORATED, dba Alside Supply Center,

        Third-Party Plaintiff,

    v.

PARR LUMBAR COMPANY and
DIEGO Z. LOPEZ CONSTRUCTION

No. CV 05-528-PK

OPINION & ORDER

PAGE 1 - OPINION & ORDER

        Third-Party Defendants.

**MOSMAN, J.,**

On February 8, 2007, Magistrate Judge Papak issued Findings and Recommendation ("F&R") (#66) in the above-captioned case recommending that Diego Z. Lopez Construction's ("Lopez") motion for summary judgement be denied. Lopez filed objections.

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The district court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. Where objections have been made, I conduct a *de novo* review. 28 U.S.C. § 636(b)(1)(C). However, I am not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

After reviewing the F&R, Lopez's objections, and other relevant materials, I agree with Judge Papak's recommendation, and I ADOPT the F&R as my own opinion.

Additionally, in light of Lopez's objections, I would like to make the following two clarifications. First, under Oregon law, statutory and common-law claims for contribution and claims for indemnification require actual discharge of a common obligation before a cause of action accrues. *See Guild v. Baune*, 115 P.3d 249, 253 (Or. Ct. App. 2005); *Ore-Ida Foods v. Indian Head*, 627 P.2d 469, 475 (Or. 1981). However, unlike standard claims, cross-claims for statutory and common-law contribution and indemnification may be brought prior to actual discharge of the common liability. *See* Or. R. Civ. P. 22; *Southern Pacific Trans. Co. v. City of Portland*, 706 P.2d 1000, 1001 n.2 (Or. Ct. App. 1985); *Kahn v. Weldin*, 653 P.2d 1268, 1272

(Or. Ct. App. 1982).

Second, the economic loss doctrine does not apply to Lopez's indemnification claim. While Lopez and defendant Associated Materials share a common contractual obligation to plaintiff Abney-Revard, they do not share a common tort obligation. Thus, unlike a breach of contract cross-claim, Lopez cannot be liable to Associated Materials for contribution or indemnification for negligent undertaking. Therefore, the economic loss doctrine, which only applies to torts, is inapplicable to either cross-claim in this case.

Accordingly, Judge Papak's F&R is ADOPTED and Lopez's Motion for Summary Judgment (#53) is DENIED.

IT IS SO ORDERED.

DATED this __17th__ day of May, 2007.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

PAGE 3 - OPINION & ORDER